UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| Barry Long<br><br>    Plaintiff,<br><br> vs.<br><br>LIVE NATION WORLDWIDE, INC., D/B/A TICKETMASTER,<br><br>    Defendants. | No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
|---|---|

The Plaintiff alleges as follows:

## I. PARTIES

1.1 Barry Long is the Plaintiff in this action. He is a resident of Woodinville in King County, Washington, which is in this judicial district. Barry Long is a qualified individual with a disability as defined by Title III of the Americans with Disabilities Act ("ADA") and the Washington Law Against Discrimination ("WLAD"), RCW 49.60.010 et seq.

1.2 Defendant Live Nation Worldwide, Inc. is a Delaware corporation that does business in this judicial district under the name "Ticketmaster." Defendant operates the website www.ticketexchangebyticketmaster.com ("Website"), which sells tickets to NFL football games held at Century Link Field in Seattle, Washington.

**COMPLAINT** - Page 1 of 9



CARNEY GILLESPIE ISITT PLLP
315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

## II. JURISDICTION AND VENUE

2.1     This court has jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3)-(4), and 28 U.S.C. § 1367.

2.2     Venue is appropriate in this judicial district under 28 U.S.C. § 1391 because the practices and procedures that give rise to the Plaintiff's complaint are occurring in this judicial district.

## III. OVERVIEW

3.1     Twenty-six years after the passage of the ADA, Defendant discriminates against individuals with disabilities who have mobility impairments. The Defendant operates www.ticketexchangebyticketmaster.com in such a way that individuals with disabilities who have mobility impairments are provided unequal access and enjoyment to facility services and amenities.

3.2     The federal ADA was enacted in 1990, "[t]o establish a clear and comprehensive prohibition of discrimination on the basis of disability." The ADA prohibits public accommodations, like the sports stadium venue that the Defendant sells tickets for, from providing individuals with disabilities with separate or unequal benefits and services. The Defendant is one example of countless places of public accommodation that have substantial and numerous compliance issues with the ADA. (Approximately only 2% of places of public use are completely ADA compliant. Carri Becker, Private Enforcement of the Americans with Disabilities Act Via Serial Litigation: Abusive or Commendable?, 17 HASTINGS WOMEN'S L.J. 93, 99 (2006).)

COMPLAINT - Page 2 of 9

CARNEY GILLESPIE ISITT PLLP
315 5TH AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

3.3    Per 42 U.S.C. § 12101, the findings and purpose section of the original ADA, "...individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities..."

3.4    Further, "...census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally..." Id.

3.5    Finally, "...the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals..." Id.

## IV.    FACTUAL ALLEGATIONS

4.1    Plaintiff is a qualified individual with a disability as defined by Title III of the Americans with Disabilities Act ("ADA") and the Washington Law Against Discrimination ("WLAD"), RCW 49.60.010 et seq. He uses a wheelchair and a modified car, as well as a modified van, for transportation, and he requires accessible parking and an accessible route to be able to patronize places of public accommodation.

4.2    Plaintiff is a football fan, in particular a fan of the Seattle Seahawks. Plaintiff attends Seahawks games at CenturyLink Field in Seattle multiple times every year.

4.3    CenturyLink Field is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181(7), and its implementing regulation, 28 C.F.R. § 36.104.

COMPLAINT - Page 3 of 9

CARNEY GILLESPIE ISITT PLLP
315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

4.4     Tickets to Seahawks games at CenturyLink Field are sold online at www.ticketexchangebyticketmaster.com

4.5     Plaintiff has attempted to purchase tickets to CenturyLink Field in Seattle, Washington to attend Seahawks games from www.ticketexchangebyticketmaster.com.

4.6     Plaintiff encountered a number of barriers to access to tickets to CenturyLink Field.  In particular, www.ticketexchangebyticketmaster.com does not include information for accessible seats in violation of applicable standards under the ADA and WLAD.

4.7     When attempting to purchase tickets through the Website, it is impossible to identify which seats are wheelchair accessible.  This has prevented Plaintiff from purchasing tickets for accessible seating.

4.9     Barry Long has attended Seahawks games in the past and he intends to patronize CenturyLink Field again in to the future because the Seahawks are one of the best teams in the National Football League.

4.10    Based on information and belief, Defendant's Website does not provide the same information about accessible seating as provided about non-accessible seating. This unequal treatment is a violation of the Revised 2010 ADA Standards on Ticketing.

## V.     CAUSES OF ACTION

**A.     Violation of Title III of the ADA**

5.1     Defendant's practices alleged herein violate Plaintiff's rights under the ADA, and constitute discrimination on the basis of his disability, in violation of the ADA.

5.2     Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

CARNEY GILLESPIE ISITT PLLP
315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

5.3     Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation…" 42 U.S.C. § 12102(a).

5.4     Furthermore, Discrimination includes: "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals…" . 42 U.S.C. § 12102(b)2A(iii).

5.5     The Ninth Circuit interprets the statutory term "place of public accommodation" to require "some connection between the good or service complained of and an actual physical place." Cullen v. Netflix, 600 Fed. Appx. 508 (9th Cir. 2015).

5.6     CenturyLink Field is an actual physical place and is a place of public accommodation. 42 U.S.C. § 12181(7)(B).

5.7     Defendants operate the website, www.ticketexchangebyticketmaster.com selling tickets for CenturyLink Field.

5.8     At all times relevant to this action, Plaintiff has been a qualified individual with a disability within the meaning of the ADA.  42 U.S.C. § 12102.

5.9     Defendants have discriminated against Plaintiff on the basis of disability. Defendants' discriminatory conduct includes but is not limited to:

    a.     Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

    b.     Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations to individuals with disabilities.

CARNEY GILLESPIE ISITT PLLP
315 5TH AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

5.10   Defendant's discriminatory conduct has caused harm to Plaintiff and will, unless enjoined, continue to cause harm to Plaintiff.

5.11   Plaintiff is entitled under the ADA to monetary damages, declaratory and injunctive relief, and reasonable costs and attorneys' fees.  42 U.S.C. § 12188, 42 U.S.C. § 12205.

**B.     Violation of the WLAD**

5.12   Plaintiff incorporate by reference each and every allegation contained in the foregoing paragraphs. Defendant's practices alleged herein violate Plaintiff's rights under the WLAD, by denying him full and equal enjoyment of the Defendant's place of public accommodation.

5.13   Section 49.60.030(1) of the Revised Code of Washington provides in pertinent part: "The right to be free from discrimination because of…the presence of any sensory, mental, or physical disability…is recognized as and declared to be a civil right.  This right shall include, but not be limited to: … (b) The right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement…."

5.14   To make a prima facie case of public accommodation discrimination under the WLAD, a plaintiff must demonstrate (1) that he has a disability, (2) that the defendant's place of business is a public accommodation, (3) that the defendant discriminated against the plaintiff by providing treatment not comparable to the level of services provided to individuals without disabilities, and (4) that the disability was a substantial factor causing the discrimination. <u>Wash. State Commc'n Access Project v. Regal Cinemas, Inc.</u>, 173 Wash. App. 174, 186-87, 293 P.3d 413, 420-21 (Wash. Ct. App., 2013).

COMPLAINT - Page 6 of 9

CARNEY GILLESPIE ISITT PLLP
315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

5.15    Plaintiff is individuals with a disability within the scope of the Washington Law Against Discrimination.

5.16    The Ninth Circuit interprets the statutory term "place of public accommodation" to require "some connection between the good or service complained of and an actual physical place." <u>Cullen v. Netflix</u>, 600 Fed. Appx. 508 (9th Cir. 2015).

5.17    Defendants operate the website, www.ticketexchangebyticketmaster.com selling tickets for CenturyLink Field.

5.18    CenturyLink Field is a "place of public resort, accommodation, assemblage, or amusement" within the meaning of the Washington Law Against Discrimination, Wash. Rev. Code § 49.60.040.

5.19    Plaintiff is informed, believe, and thereon allege that Defendants and their agents and employees have violated and continue to violate sections 49.60.010 et seq. of the Revised Code of Washington by unlawfully denying Plaintiff full and equal access to wheelchair accessible tickets for CenturyLink Field and for the reasons set forth above, including violating the ADA.

5.20    Plaintiff is informed, believe, and thereon allege that Defendants and their agents and employees have violated and continue to violate sections 49.60.010 et seq. of the Revised Code of Washington by unlawfully denying Plaintiff full and equal access to its "place of public resort, accommodation, assemblage, or amusement…"

5.21    Defendants' actions constitute discrimination against Plaintiffs and violate the Washington Law Against Discrimination, Revised Code of Washington sections 49.60.010 et seq., in that Plaintiff is being denied full and equal enjoyment of the accommodations, advantages, facilities, privileges, and services that Defendants provide.

COMPLAINT - Page 7 of 9

CARNEY GILLESPIE ISITT PLLP
315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

5.22     As a direct and proximate result of the aforementioned acts, Plaintiff has suffered and continues to suffer discrimination because Defendant fails to provide equal treatment comparable to the level of designated services provided to individuals without disabilities. These failures have denied Plaintiff the full and equal enjoyment of the events held at this venue that the Washington Law Against Discrimination requires.

5.23     Because Plaintiffs have a clear legal right to access tickets to CenturyLink Field, have a well-grounded fear of immediate invasion of that right, and have been actually injured as a result of Defendants' conduct as alleged herein, declaratory and injunctive relief are appropriate remedies.  See *Kucera v. Dep't of Transp.*, 140 Wn.2d 200, 209 (2000).

5.24     Pursuant to Wash. Rev. Code § 49.60.030(2), Plaintiff is entitled to declaratory and injunctive relief and to recover from Defendant the reasonable attorneys' fees and costs incurred in bringing this action.

## VI.     PRAYER FOR RELIEF

Having stated their claims against Defendants, Plaintiffs pray for the following relief:

6.1     Judgment against Defendants for compensatory damages in an amount to be proven at trial;

6.2     Injunctive relief to correct the practices of the Defendants that violate the ADA and WLAD;

6.3     An award of reasonable attorneys' fees and costs incurred in bringing this action.

//

//

//

//

COMPLAINT - Page 8 of 9

CARNEY GILLESPIE ISITT PLLP
315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

Dated: December 22, 2016.

COUNSEL FOR PLAINTIFFS:

**WASHINGTON CIVIL AND DISABILITY ADVOCATE**

/S/Conrad Reynoldson
Conrad Reynoldson, WSBA # 48187
4421 51st Ave NE
Seattle, WA 98105-4932
(206) 855-3134
Conrad.wacda@gmail.com

**CARNEY GILLESPIE ISITT PLLP**

/S/Christopher Carney
Christopher Carney, WSBA No. 30325
315 5th Ave S, Suite 860
Seattle, Washington 98104
(206) 445-0212
Christopher.Carney@CGILaw.com

CARNEY GILLESPIE ISITT PLLP
315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486