The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| **BARRY LONG,**<br><br>Plaintiff,<br><br>vs.<br><br>Live Nation Worldwide, Inc. and Ticketmaster LLC,<br>Defendants. | No. 16-CV-01961-TSZ<br><br>**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Noted for June 9, 2017 |

## I.  INTRODUCTION

Plaintiff Barry Long seeks summary judgment with respect to his claims against Defendants. Defendants operate a website selling admission tickets for a place of public accommodation, and Defendants operate another website reselling tickets for the same place of public accommodation in a manner that violates applicable regulations under the Americans with Disabilities Act and discriminates against persons with disabilities. Specifically, the sales website identifies the location of accessible seating. The resale exchange website has only begun to identify the location of accessible seating when reselling tickets after the initiation of this suit, and it appeared modifications to the website are underway. Plaintiff is entitled to summary judgment and injunctive relief to direct the remediation of the violations.



PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
Page 1 of 14
Long v. Live Nation, ET AL., 16-cv-01961-TSZ

## II.     STATEMENT OF FACTS

Plaintiff Barry Long is a qualified individual with a disability as defined by Title III of the Americans with Disabilities Act ("ADA") and the Washington Law Against Discrimination ("WLAD"), RCW 49.60.010 et seq. He uses a wheelchair to patronize places of public accommodation, such as going to football games. Declaration of Barry Long ("Long Decl.") ¶ 3. Barry resides in Woodinville, Washington, and enjoys watching football games live at the stadium.  Long Decl. ¶ 4, 5.

When he can, Barry purchases his admission tickets online. Long Decl. ¶ 7. Defendant Ticketmaster L.L.C.[1], a wholly owned subsidiary of Live Nation Worldwide Inc., sells tickets to Seahawks games online at www.ticketmaster.com, where it is possible to search for available tickets for accessible seating. Long Decl., Exh. A.  Defendants also resell tickets to Seahawks games online at www.ticketexchangebyticketmaster.com. Long Decl. Exh. B.  Barry cannot purchase tickets on the exchange website because the website does not identify accessible seating for resale at CenturyLink Field, a place of public accommodation. Long Decl. ¶ 8.

## III.     ANALYSIS

### A.     SUMMARY JUDGMENT IS APPROPRIATE IN THE ABSENCE OF A GENUINE DISPUTE OF FACT

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When applying these standards, the Court must view the

---

[1] Based on Defendant Live Nation's representations that TicketMaster LLC is "an affiliate" of Live Nation Worldwide, Inc., TicketMaster LLC was added as a Defendant and has been served.  *See* Appendix A, proof of service.

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
Page 2 of 14



evidence and draw reasonable inferences therefrom in the light most favorable to the non-moving party. *United States v. Johnson Controls, Inc.*, 457 F.3d 1009, 1013 (9th Cir.2006). However, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (citations omitted) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968))." The undisputed facts of this case establish that Defendants' practices on its website plainly violate Plaintiff's rights under Federal and State statutes, and Plaintiff is entitled to summary judgment.

    **B.**    **PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ON HIS DISABILITY CLAIMS**

Mr. Long, and other people with disabilities, have attempted to buy tickets online to a Seahawks game at CenturyLink Field but are unable to identify and purchase tickets for wheelchair accessible seating while tickets for able-bodied patrons are available for purchase directly using Ticketmaster LLC's ticket exchange website. Long Decl. ¶ 9, Exh. C. Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. §12182.

To prevail on a discrimination claim under Title III, a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability. <u>Arizona ex rel. Goddard v. Harkins Amusement Enters. Inc.</u>, 603 F.3d 666 (9th Cir., 2010).



First, it is undisputed that Mr. Long is a disabled person within the definitions of the relevant statutes. Long Decl. ¶ 3.

Next, CenturyLink Field is a place of public accommodation. 42 U.S. Code § 12181(7)(c) ("The following private entities are considered public accommodations… a motion picture house, theater, concert hall, *stadium*, or other place of exhibition or entertainment…"). Defendant Ticketmaster LLC sells and hosts resale of tickets to Seahawks games at CenturyLink Field, and therefore is connected to this place of public accommodation and subject to the ADA. See *Cullen v. Netflix Inc.,* No. 13-15092, (9th Cir., April 1, 2015) citing *Weyer v. Twentieth Century Fox Film Corp.,* 198 F.3d 1104, 1114 (9th Cir. 2000) ("We have previously interpreted the statutory term 'place of public accommodation' to require 'some connection between the good or service complained of and an actual physical place.'").

After a contentious start, there is a growing consensus that courts should find a website is a public accommodation for purposes of the ADA if there is a sufficient "nexus between the challenged service and the place of public accommodation." See Statement of Interest of the United States of America, *Gil v. Winn-Dixie Stores, Inc*, No. 16-CV-23020-RNS (S.D. Fla. December 12, 2016) (website has a sufficient nexus to its physical stores because barriers on the website impede full and equal enjoyment of goods and services offered at place of public accommodation); *Gomez v. Lindberg USA, LLC.* at 2, No. 16-22966-CIV-WILLIAMS (S.D. Fla. October 17, 2016) ("courts have found that a website is a public accommodation for purposes of the ADA if there is a sufficient "nexus between the challenged service and the place of public accommodation"); *Nat'l Fed. Of the Blind v. Target Corp.,* 452 F. Supp.2d 946 (N.D. Cal. 2006) (retailer's website was a place of public accommodation subject to the ADA because website had a sufficient nexus to the physical store). This interpretation coincides with the Ninth Circuit's



construction of "place of public accommodation" in 42 U.S.C. § 12182(a) to include defendants whose operations could be discriminatory through contractual, licensing, or other arrangements with a place of public accommodation. *Disabled Rights Action Comm. v. Las Vegas Events*, 375 F.3d 861, 873 (9th Cir., 2004) (finding the prohibition of discrimination by public accommodations in 42 U.S.C. § 12182(b) required an expansive interpretation of "place[s] of public accommodation" in 42 U.S.C. § 12182(a) to include non-owners in a suit in order to stop discriminatory practices).

When operations -- through contractual, licensing, or other arrangements -- deny the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation, a private entity may not rely on lack of ownership to avoid their obligation to the ADA. *Disabled Rights Action Comm. v. Las Vegas Events*, 375 F.3d 861, 873 (9th Cir., 2004) ("These provisions[, in 42 U.S.C. § 12182(b),] make clear that private entities otherwise covered by Title III may not avoid their obligations through contract, such as by contracting to provide "goods, services, facilities, privileges, advantages, or accommodations" at venues they do not own.").

Section 12182(b)(1)(A)(i) provides:

> It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, *or through contractual, licensing, or other arrangements*, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

(emphasis added) 42 U.S.C. § 12182(b) (2017); see also § 12182(b)(1)(A)(ii) (making it "discriminatory" to afford to disabled persons, "through contractual, licensing, or other arrangements," an opportunity to "participate in or benefit from" such goods, services, facilities, and accommodations that is not equal to that afforded to other individuals); § 12182(b)(1)(A)(iii)



**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
Page 5 of 14

(making it "discriminatory" to provide to disabled persons, "through contractual, licensing, or other arrangements," a benefit that is "different or separate from" that provided to other individuals). In the present case, Defendants are denying an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of a public accommodation. Specifically, Defendants do not provide an equal opportunity to purchase accessible tickets on its resale website and Defendants discriminate by failing to identify wheelchair accessible seating when they have the information available ab initio.

1. **DEFENDANTS' WEBSITE VIOLATES ADA STANDARDS**

Defendants' http://www.ticketexchangebyticketmaster.com/ website does not use the seat map that identifies accessible seating for CenturyLink Field. Long Decl. Exh. A. The ADA requires that "individuals with disabilities have an equal opportunity to purchase tickets for accessible seating." 28 CFR §36.302(f)(ii)(1) (Fastcase 2017) ("A public accommodation that sells tickets for a single event or series of events shall modify its policies, practices, or procedures to ensure that individuals with disabilities have an equal opportunity to purchase tickets for accessible seating"). Individuals with disabilities are put at a disadvantage when using a seating map that does not identify the accessible seats.

The seating map on the exchange website does not identify the location of accessible seats. Section 36.302(f)(ii)(2), titled "Identification of available accessible seating," requires a public accommodation that sells or distributes tickets for a single event or series of events "[p]rovide materials, such as seating maps… that identify accessible seating and information relevant thereto with the same text or visual representations as other seats, if such materials are provided to the general public." 28 CFR §35.138 (Fastcase 2017). A seating chart for CenturyLink Field that identifies accessible seating is available to the public. Long Decl. Exh. B-C. Thus, Defendant is required to identify accessible seating on its website.

Since this suit was filed, Defendant has added a table to identify accessible seating. However, the table requires individuals with disabilities to cross reference the table with the



existing map to determine the location of these seats. This additional step of cross-referencing seat number to location is not required if Defendant were to use the map that is available on its direct sales website. "Venues and third-party sellers must provide the same information about accessible seats as provided about non-accessible seats, using the same text and visual representations." U.S. Department of Justice Revised ADA Requirements (July 2011). Information about the venue's location of wheelchair accessible seats should be provided on Defendant's website with a seating chart that shows the location of accessible seats.

Concerning ticket sales, 28 CFR § 36.302(f)(ii) requires: "[a] public accommodation that sells tickets for a single event or series of events shall modify its policies, practices, or procedures to ensure that individuals with disabilities have an equal opportunity to purchase tickets for accessible seating…[t]hrough the same methods of distribution…" 28 CFR § 36.302(f)(ii) (Fastcase 2017). The appendix for 28 CFR § 36.302(f)(ii)(2) explicitly states:

> This rule requires public accommodations to provide information about accessible seating to the same degree of specificity that it provides information about general seating. For example, if a seating map displays color-coded blocks pegged to prices for general seating, then accessible seating must be similarly color-coded. Likewise, if covered entities provide detailed maps that show exact seating and pricing for general seating, they must provide the same for accessible seating.

28 CFR pt. 1191, app. A § 36.302 (Fastcase 2017). Moreover, the appendix for 28 CFR § 36.302(f)(ii)(2) explains: "[t]he Department notes that once third-party ticket vendors acquire accessible tickets, they are obligated to sell them in accordance with these rules." 28 CFR pt. 1191, app. A § 36.302 (Fastcase 2017). The ticket exchange website provides seat location and pricing for non-accessible seating. Therefore, Ticketmaster LLC is required to provide information about the location and pricing of accessible seats on its resale website.

The notes on proposed rulemaking specifically addressed venue managers' and third-party ticket sellers' liability concerns that might arise from "requiring that accessible seats be sold through the 'same methods of distribution' as non-accessible seats". 28 CFR pt. 1191, app. A § 36 (Fastcase 2017) ("Comments from venue managers and others in the business community, in general, noted that multiple parties are involved in ticketing, and because



accessible seats may not be allotted to all parties involved at each stage, such parties should be protected from liability."). In fact, Ticketmaster is the example used. *Id*. ("For example, one commenter noted that a third-party ticket vendor, like Ticketmaster, can only sell the tickets it receives from its client."). The solution is "that once third-party ticket vendors acquire accessible tickets, they are obligated to sell them in accordance with these rules." *Id.*

Considering that Defendants are aware of the location of accessible seating and have a clearly marked seating chart, it would be easy for Defendants to modify their resale website to allow individuals with disabilities to purchase tickets in the same way as others. Modifying the website would be in line with the motivations for the regulation:

> The Department also has received frequent complaints that individuals with disabilities have not been able to purchase accessible seating over the Internet, and instead have had to engage in a laborious process of calling a customer service line, or sending an email to a customer service representative and waiting for a response. Not only is such a process burdensome, but it puts individuals with disabilities at a disadvantage in purchasing tickets for events that are popular and may sell out in minutes. Because § 36.302(f)(5) of the final rule authorizes venues to release accessible seating in case of a sell-out, individuals with disabilities effectively could be cut off from buying tickets unless they also have the ability to purchase tickets in real time over the Internet. The Department's new regulatory language is designed to address this problem.

28 CFR pt. 1191, app. A § 36 (Fastcase 2017). Defendants put individuals with disabilities at a disadvantage by not providing the location of accessible seating on their resale website. This practice is discriminatory and should be stopped.

The DOJ has rulemaking authority to enforce the ADA, and the rules promulgated have the force of law.  42 U.S.C. § 12134(a), *Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581, 598 (1999).  The regulations "must be given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." *Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984). Nominal damages are available under the ADA, regardless of whether the plaintiff is able to demonstrate compensable harm caused by the ADA violation. *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1069 (9th Cir.2009)(ADA does not "require a showing of injury or adverse effect *from* the discrimination" to establish liability.).



### 2. Plaintiff's Rights are Protected by Washington Disability Discrimination Statutes

The Washington Law Against Discrimination, RCW 49.60, is analogous to the ADA. *Abernathy v. Valley Medical Center,* No. C06-001MJP (W.D.Wash.2006). The ADA "guards against both intentional discrimination and simple exclusion from services resulting not from intentional acts, but rather from inaction, thoughtlessness, or equal treatment when particular accommodations are necessary." *Presta v. Peninsula Corridor Joint Powers Board*, 16 F.Supp.2d 1134, 1135 (N.D.Cal.1998); *see* also *Crowder v. Kitagawa*, 81 F.3d 1480, 1483 (9th Cir.1996). To make a prima facie case of public accommodation discrimination under the WLAD, a plaintiff must demonstrate: (1) that he has a disability; (2) that the defendant's place of business is a public accommodation; (3) that the defendant discriminated against the plaintiff by providing treatment not comparable to the level of services provided to individuals without disabilities; and (4) that the disability was a substantial factor causing the discrimination. *Wash. State Commc'n Access Project v. Regal Cinemas, Inc.*, 293 P.3d 413 (Wash. App., 2013).

The Plaintiff is an individual with a disability within the scope of the Washington Law Against Discrimination. The Ninth Circuit interprets the statutory term "place of public accommodation" to require "some connection between the good or service complained of and an actual physical place." *Cullen v. Netflix*, No. 13-15134, (9th Cir., April 1, 2015). Courts have found that a website is a public accommodation for purposes of the ADA if there is a sufficient "nexus between the challenged service and the place of public accommodation" *Nat'l Fed. Of the Blind v. Target Corp.*, 452 F. Supp.2d 946 (N.D. Cal. 2006). CenturyLink Field is a place of public accommodation. 42 U.S. Code § 12181(7)(c) ("The following private entities are considered public accommodations… a motion picture house, theater, concert hall, *stadium*, or other place of exhibition or entertainment…"). Defendant Ticketmaster LLC sells and hosts resale of tickets to Seahawks games at CenturyLink Field, and therefore is connected to this place of public accommodation sufficient to form a nexus between the challenged service and the place of public accommodation. Defendant Ticketmaster LLC discriminated against Mr. Long by not providing the information on accessible seating location while providing seating and location

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
Page 9 of 14

CARNEY GILLESPIE ISITT PLLP
600 1st Ave, Suite LL08
SEATTLE, WA 98104
MAIN / FAX 206•445•0220
WEB WWW.CGILAW.COM

information to individuals without disabilities who do not require accessible seating. The fact that Mr. Long has a disability requiring wheelchair accessible seating is the ultimate cause of the discrimination.

### C. RESPONSE TO AFFIRMATIVE DEFENSES

#### 1. Plaintiff states a claim and relief can be granted

As demonstrated above, Plaintiff states a claim under 42 U.S. Code § 12182, and the Washington Law Against Discrimination. Relief can be granted. Defendants can identify the location and pricing of accessible seating for CenturyLink Field on its website for ticket resale.

#### 2. Plaintiff has Standing

In this case, plaintiff has standing. An ADA plaintiff can establish standing to sue for injunctive relief either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939 (9th Cir., 2011) (holding that an ADA plaintiff can establish standing to sue for injunctive relief either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility). Mr. Long cannot identify wheelchair accessible seating at CenturyLink Field in order to purchase tickets, if tickets are available. Persons without disabilities are able to determine the location of their seats and pricing in order to purchase tickets. This practice is discriminatory and demonstrates an injury in fact as well as creating an environment for deterrence. Mr. Long is a longtime fan of Seahawks and intends to attend games in the future. He would like to purchase the tickets online if available.

#### 3. No Effective Access



Mr. Long could not purchase accessible seating for Seahawks games at CenturyLink Field on Defendants' resale website because accessible seating was not identified. Thus, there was no effective access for Mr. Long.

### 4. No Effective Communication

There was no effective communication between Defendants and Mr. Long of the location and prices for accessible seating at CenturyLink Field.

### 5. Full Compliance Is Practicable

Providing the location of accessible seating is easily achievable and practicable. Defendants have the location of accessible seating and are in possession of a map that identifies accessible seating at CenturyLink Field, which they use for their main website. Achieving full compliance would be easy.

### 6. Defendant Was Not Provided Services Via Alternative Methods

There does not appear to be a special phone number or email contact for purchasing accessible seating on the resale website for CenturyLink Field.

### 7. Nothing Supports a Finding of Unclean Hands

There is no evidence to support that the plaintiff has done anything wrong.

### 8. Full Compliance with the Standards Is Technically Feasible

Defendants are in possession of the location of accessible seating. The price and location of seats are available for persons without disabilities and can be provided easily for people with disabilities. Defendants can identify accessible seating on its resale website.

### 9. Not an Undue Burden

The changes plaintiff contends should be made are required under ADA standards and do not impose an undue burden upon the Defendant.

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
Page 11 of 14
Long v. Live Nation, ET AL., 16-cv-01961-TSZ



CARNEY GILLESPIE ISITT PLLP
600 1st Ave, Suite LL08
SEATTLE, WA 98104
MAIN / FAX 206•445•0220
WEB WWW.CGILAW.COM

### 10. Estoppel Does Not Apply

There is no reason Mr. Long should be estopped from relief.

### 11. Plaintiff Has Not Waived Claims

Mr. Long has not waived any claims.

### 12. Plaintiff Has No Duty to Mitigate Damages

There is no duty for Mr. Long to mitigate damages.

### 13. Plaintiff's State Law Claims Are Not Preempted by Federal Law

Federal law explicitly states that it does not preempt state law. Section 36.103 provides:

(c) Other laws. This part does not invalidate or limit the remedies, rights, and procedures of any other Federal laws, or State or local laws (including State common law) that provide greater or equal protection for the rights of individuals with disabilities or individuals associated with them. 28 CFR 36.103 (Fastcase 2017)

### 14. Every Necessary Party Has Been Named

All indispensable parties for resolution of this case have been named.

### 15. No Fundamental Alteration

The relief demanded in the complaint does not fundamentally alter defendant services. Identifying accessible seating would stop a discriminatory practice of defendants services.

### 16. There Are No Legitimate Business Justifications

No legitimate business justifications have been alleged to permit discriminatory practices.

### 17. There Is Harm

Persons with disabilities that require wheelchair accessible seating are denied a service from a public accommodation. Furthermore, demonstrating pecuniary damages it is not required.

### 18. Plaintiff's Claims Are Not Moot

Plaintiff has expressed a desire to go to more Seahawks games at CenturyLink Field, and would buy tickets through Defendants' website if it were possible for him to do so.



**19.    Defendants Have Had Notice**

Defendants have been on notice since promulgation of regulations. In fact, it is likely that defendants participated in the review process before publication of the regulations.

**20.    No Equivalent Facilitation**

Defendant has not provided equivalent facilitation.

**21.    No Affirmative Defenses Apply**

Defendant does not have affirmative defenses that apply to this case or has exhausted all such defenses.

**22.    Defendant Has Not Made Any Modifications**

Plaintiff's prayer for relief is that defendant modifies its practices to accommodate plaintiff's disabilities.

## IV. CONCLUSION

There is no genuine dispute of material fact as to whether violate applicable ADA standards, and Plaintiff is entitled to summary judgment on his claims against each Defendant.

Dated May 18, 2017

/S/Christopher Carney
CHRISTOPHER R. CARNEY, WSBA NO. 30325

/S/Conrad Reynoldson
CONRAD REYNOLDSON, WSBA NO. 48187
Attorneys for Plaintiff Barry Long

# **APPENDIX A**



**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
Page 14 of 14

IN THE UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

| | |
|---|---|
| **BARRY LONG** <br> Plaintiff/Petitioner <br> vs. <br> **LIVE NATION WORLDWIDE, INC.;** <br> **TICKETMASTER LLC** <br> Defendant/Respondent | Cause No.: **2:16-CV-01961-TSZ** <br> Hearing Date: <br><br> DECLARATION OF SERVICE OF <br> SUMMONS IN A CIVIL ACTION; FIRST AMENDED <br> COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; <br> JOINT STATUS REPORT |

The undersigned hereby declares: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the **11th day of May, 2017** at **2:23 PM** at the address of **WEST 505 RIVERSIDE AVENUE SUITE 500, SPOKANE, Spokane County, WA 99201**; this declarant served the above described documents upon **TICKETMASTER LLC c/o CORPORATE CREATIONS NETWORK, INC., REGISTERED AGENT** by then and there personally delivering 1 true and correct copy(ies) thereof, by then presenting to and leaving the same with **Barbara Leavitt, RECEPTIONIST, PERSON AUTHORIZED TO ACCEPT**, who accepted service, with identity confirmed by verbal communication, a white female approx. 35-45 years of age, 5'6"-5'8" tall, weighing 120-140 lbs with brown hair..

No information was provided or discovered that indicates that the subjects served are members of the United States military.

Service Fee Total: **$ 109.50**

Declarant hereby states under penalty of perjury under the laws of the State of Washington that the statement above is true and correct.

DATED 5/13/17

*[signature]*

**Skyler Gobble, Reg. # 1547, Spokane County Auditor**

**ORIGINAL PROOF OF SERVICE**
PAGE 1 OF 1

For: Carney Gillespie Isitt, PLLP
Ref #: ticketmaster LLC

Tracking #: 0016968167