The Honorable Thomas S. Zilly

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

BARRY LONG,

Plaintiff,

vs.

LIVE NATION WORLDWIDE, INC., D/B/A TICKETMASTER,

Defendants.

CAUSE NO. 2:16-cv-01961-TSZ

UPDATED JOINT STATUS REPORT

The parties, through their counsel, pursuant to this Court's order, LR 16 and 26, and FRCP 26(f), hereby present this Joint Status Report and Discovery Plan.

**1.     Statement of nature and complexity of the case.**

This is a disability rights case involving both federal civil rights and state tort claims, arising out of alleged disability discrimination in ticket sales for accessible seating at Century Link Field in Seattle.  This case is relatively straightforward and non-complex.

**2.     Proposed deadline for joining additional parties.**

The parties do not anticipate joining additional parties.

**3.     Full Time Magistrate Judge.**

The parties do not consent to a magistrate judge.

**4.     Discovery Plan.**

A. The Fed. R. Civ. P. 26(f) conference took place on February 9, 2017. On March 14, 2017, the Court issued a scheduling order with dates and deadlines for this case. The parties hereby submit this updated joint status report pursuant to the Court's order dated July 23, 2018.

B. <u>Plaintiff:</u> In light of Defendants' newly-disclosed website changes, which were disclosed following the discovery deadline, Plaintiffs anticipate that discovery will concern procedures for ticket sales for accessible seating. Plaintiff does not anticipate the need to conduct discovery in phases. Plaintiff proposes that discovery should be done according to the following timeline:

1. Discovery Cutoff: (a) for requests for production of documents, the deadline should be 120 days before trial: and (b) for depositions on liability and damages, the deadline should be 90 days before trial;

2. Expert Disclosures and Discovery: (a) for initial expert disclosures, the deadline should be 120 days before trial; and (b) for depositions of experts, the deadline should be 90 days before trial;

3. Dispositive Motion Deadline: dispositive motions have already been ruled upon; and

4. Number of Depositions: Plaintiff anticipates that limited written discovery and possibly one FRCP 30(b)(6) deposition will be necessary.

<u>Defendant:  Defendant's position is that discovery is closed in this matter.  In the Court's scheduling order dated March 9, 2017, the Court set a discovery cutoff of November 20, 2017.  That date has passed.</u>

      C.    The parties do not anticipate the need for any orders specific to electronically stored information and will work together to facilitate exchanging discovery electronically where appropriate.  Defendant believes discovery is closed.;

      D.    The parties do not currently anticipate any issues with privilege in discovery but will discuss in good faith this District's pattern stipulation if any issues of privilege arise Defendant believes discovery is closed.;

      E.    The parties will work in good faith to manage discovery so as to minimize expenses, and are not currently aware of any limits on discovery that will be necessary Defendant believes discovery is closed.;

      F.    The parties are not currently aware of other orders relating to discovery that should be entered by the Court  Defendant believes discovery is closed..

**5.**    **Issues presented in LCR 26(f)(1).**

      A.    Both parties are amenable to further discussions concerning settlement.

      B.    The parties do not intend to engage in ADR.  Both parties believe that the case will be straightforward enough that if resolution is possible it will be possible for the parties to reach agreement without formal ADR.

      C.    There are no related cases, to the best of the parties' knowledge.

      D.    The parties believe that the discovery in this matter will be straightforward and not unduly burdensome on any party and do not anticipate the need for any orders limiting discovery.  Defendant believes discovery is closed.

      E.    The parties anticipate that discovery will be directed at determining the procedures that Defendants use for ticket sales for accessible seating.  Defendant believes discovery is closed.

SMRH:487368862.1

      F.     The parties stipulate that they will preserve discoverable information. Defendant believes discovery is closed.

      G.     The parties do not anticipate any significant privilege issues but will work together to resolve any issues that arise, likely through use of this District's pattern stipulation. Defendant believes discovery is closed.

      H.     The parties do not anticipate any significant discovery of ESI. Defendant believes discovery is closed.

      I.     The parties do not anticipate any significant discovery of ESI. Defendant believes discovery is closed.

**6.    Discovery Cutoff.**

In light of Defendants' surprise proffer of never-before produced evidence at the summary judgment hearing, Plaintiff's position is that additional discovery is manifestly necessary. Plaintiff proposes that that for requests for production of documents, the deadline should be 120 days before trial: and for depositions on liability and damages, the deadline should be 90 days before trial. For initial expert disclosures, the deadline should be 120 days before trial; and for depositions of experts, the deadline should be 90 days before trial.

<u>Defendant's position is that discovery is closed in this matter. In the Court's scheduling order dated March 9, 2017, the Court set a discovery cutoff of November 20, 2017. That date has passed.</u>

**7.    Bifurcation.**

The parties do not anticipate the need for bifurcation of any phase of the trial.

**8.    Pretrial Statements/Order.**

The parties do not believe it is necessary to dispense with pretrial statements and the pretrial order.

**9.     Suggestions to Shorten or Simplify.**

This is a relatively straightforward and non-complex case; the parties have no suggestions to further shorten or simplify the litigation.

**10.    Trial Date.**

The parties propose a trial date of June 10, 2019.

**11.    Need for Jury Trial.**

Defendant requests a trial by jury.

**12.    Estimate of Number of Days for Trial.**

The parties estimate that the trial of this matter will take approximately 4-5 days.

**13.    Trial Counsel Contact Information.**

For Plaintiffs:

Christopher Carney
Carney Gillespie Isitt PLLP
600 1st Ave, Suite LL08
Seattle WA 98104
(206) 445-0212
Christopher.Carney@cgilaw.com

Conrad Reynoldson
Washington Civil & Disability Advocate
3513 NE 45th Street, Suite G
Seattle, WA 98105
Conrad.wacda@gmail.com

For Defendant:

Elizabeth K. Reeve
Reeve Shima, P.C.
500 Union Street, Suite 800
Seattle, WA 98101-2332
ereeve@reeveshima.com

SMRH:487368862.1

(206) 624-4004

Gregory F. Hurley
ghurley@sheppardmullin.com
Bradley Leimkuhler   BLeimkuhler@sheppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626-1993
Tel (714) 513-5100
Fax (714) 513-5130

**14.   Trial Date Complications.**

No complications with the trial date are foreseen at this time.

**15.   Service.**

Service has been properly completed upon Defendants.

**16.   Other Issues.**

In the Court's July 23, 2018 Order, the Court asked the parties to identify what issues remain before the Court.

Defendant identifies the following issues:

1) Disputed facts exist concerning whether Defendant's changes to its website renders Plaintiff's request for injunctive relief moot.

2)  Disputed facts exist concerning whether the current version of its website is in use as a response to Plaintiff's lawsuit.

3) Disputed facts exists concerning whether how the current website sorts tickets renders the website inaccessible.

4) Disputed facts exist concerning whether the changes Plaintiff demands to the website at issue are readily achievable, technically feasible, and/or structurally impractical.

5) Disputed facts exist concerning whether Plaintiff could have achieved the same level of service by contacting Defendant directly through alternative and/or equivalent methods, such as the telephone.

6) Disputed facts exist concerning whether Plaintiff has standing to obtain the injunctive relief sought in this lawsuit.

7) Disputed facts exist concerning whether Plaintiff failed to name indispensable parties to this lawsuit because Defendant does not control the accessibility and/or the information concerning the accessibility of any given seating location.

8) Disputed facts exist concerning whether other third parties have a legal interest in the manner in which tickets are sold to Seattle Seahawks games at Century Link Field.

9) Disputed facts exist whether Defendant has sole control over the design and functionality of the website.

10) Disputed facts exist concerning whether there is a "nexus" between its website and a physical place of public accommodation as required by the Ninth Circuit.

11) Disputed facts exist concerning whether Plaintiff was actually denied access to attend a Seattle Seahawks game.

12) Disputed facts exist concerning whether Plaintiff was actually denied access to the website for the purpose in which it was intended.

13) Disputed facts exist concerning whether any version of the website failed to provide Plaintiff with sufficient information to meet his needs according to his particular disability.

Dated July 26, 2018.

Respectfully submitted,

SMRH:487368862.1

  /S/_____
Christopher Carney, WSBA No. 30325
Attorney for Plaintiff
  /S/_____
Conrad Reynoldson, WSBA No. 48187
Attorney for Plaintiff

-8-

SMRH:487368862.1